**Denied and Opinion Filed December 17, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01483-CV

### IN RE KEVIN GLASPIE, Relator

**Original Proceeding from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F18-57718**

## MEMORANDUM OPINION
Before Justices Francis, Evans, and Schenck
Opinion by Justice Evans

Before the Court is relator's one-page petition for writ of mandamus in which relator complains that the trial court has not ruled on relator's motion for speedy trial, which was purportedly filed on October 19, 2018. We deny the petition.

To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Rules 52.3 and 52.7 require the relator to provide "a certified or sworn copy" of certain documents, including any order complained of, any other document showing the matter complained of, and every document that is material to the relator's claim for relief that was filed in any underlying proceeding. TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1).

Here, the mandamus record does not include a certified or sworn copy of the trial court's docket sheet or other proof that establishes relator filed the motion for speedy trial, requested a hearing and/or ruling on the motion, and the trial court has failed to act on relator's requests within a reasonable time. TEX. R. APP. P. 52.3(k)(1)(a), 52.7(a). This record is insufficient to establish that the motion was properly filed and timely presented and that the trial court was asked to rule but failed to do so within a reasonable time. As such, relator has not established a violation of a ministerial duty and is not entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/David Evans/
DAVID EVANS
JUSTICE

181483F.P05